```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

AFFINITY SNACK FOOD COMPANY,    )
                                )
               Plaintiff,       )         4:05CV3086
                                )
     v.                         )
                                )
MATTHEW HEADLEY HOLDINGS,       )         MEMORANDUM AND ORDER
                                )
               Defendant.       )
                                )
```

The defendant has moved for a change of venue pursuant to 28 U.S.C. §1404. Filing 14. The defendant claims this litigation arises from acts occurring in Kansas City, Missouri, most of the witnesses are from the Kansas City, and these witnesses would be inconvenienced by proceeding to trial in Nebraska. The defendant therefore requests an order transferring this case to the United States District Court for the Western District of Missouri in Kansas City, Missouri.

Before addressing the defendant's motion to transfer, the issue of subject matter jurisdiction must be resolved. This case was initially filed in the District Court of Lancaster County, Nebraska. The defendant timely removed the case to this court. The defendant claims federal subject matter jurisdiction exists on the basis of diversity: the plaintiff is a Delaware corporation with its principal place of business in Lincoln, Nebraska; the defendant is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in Kansas City, Missouri; and the amount in controversy exceeds $75,000. Filing 1, Ex. A (plaintiff's complaint).

In a case of first impression, the Eighth Circuit in 2004 held that for the purposes of determining diversity federal jurisdiction, a limited liability company's citizenship is based on the citizenship of its members.  GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (quoting Chapman v. Barney, 129 U.S. 677, 681 (1889)).  Defendant Matthew Headley Holdings has alleged it was organized and exists pursuant to Missouri law, and its principal place of business is located in Missouri.  These allegations are sufficient to allege the citizenship of a corporation, but not a limited liability company.

Though the plaintiff has not challenged subject matter jurisdiction, with or without the consent of the parties, this court has the sua sponte obligation to determine its jurisdiction, and the authority to do so before addressing any other motions raised by the parties.  See Williams v. Rogers, 449 F.2d 513, 517-18 (8th Cir. 1971).  From the record before me, I am unable to determine the citizenship of Matthew Headley Holdings' members.  I therefore cannot determine the threshold issue of whether this court has federal subject matter jurisdiction on the basis of diversity.

IT THEREFORE HEREBY IS ORDERED:

1. The defendant is given until August 8, 2005 to file a motion to amend its notice of removal, with the proposed amended notice attached thereto, and any supporting evidence and brief, in the absence of which this case will be remanded to the District Court of Lancaster County, Nebraska.

2.   If the defendant moves to amend its notice of removal, the plaintiff shall have until August 18, 2005 to respond.

DATED this 28th day of July, 2005.

                                        BY THE COURT:

                                        s/ *David L. Piester*
                                        David L. Piester
                                        United States Magistrate Judge