IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
AFFINITY SNACK FOOD COMPANY,      )
                                  )
              Plaintiff,          )      4:05 CV 3086
                                  )
     v.                           )
                                  )
                                  )
MATTHEW HEADLEY HOLDINGS, LLC     )      MEMORANDUM AND ORDER
d/b/a HEARTLAND SNACKS,           )
                                  )
              Defendant.          )
```

　　　In accordance with the memorandum and order of July 28, 2005, filing 21, the defendant has filed a motion for leave to file an amended notice of removal.  Counsel for the plaintiff has informed the court that no response to the motion will be filed.  I shall grant the motion.

　　　The amended notice of removal establishes that the defendant, a limited liability company, exists under the laws of the state of Missouri and has three partners, all of whom are residents of Missouri.  Consequently, defendant has shown that this court has jurisdiction under 28 U.S.C. 1332.  The court may, therefore, address the defendant's motion for transfer of venue to the Western District of Missouri pursuant to 28 U.S.C. 1404(a).  <u>Integrated Health Services of Cliff Manor, Inc. v. THCI Company, LLC</u>, ____ F.3d ____ 2005 WL 1875703 (8th Cir. August 10, 2005); Cf., <u>Klett v. Pim</u>, 965 F.2d 587, 591 n.7 (8th Cir. 1992).

　　　The motion to transfer has been well briefed on both sides, and both sides have supported their arguments with evidentiary materials.  In determining the motion the parties urge the court to consider the convenience to the parties, location of witnesses, comparative inconvenience to the parties and others, and the

interests of justice. The parties have also placed great weight on which state's law will be utilized to decide the case. In addition, the court must consider the nature of the connections of the forum chosen by the plaintiff and respect plaintiff's choice.

28 U.S.C. 1391(a) provides the statutory direction for determining proper venue. It states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provide by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside I the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, *or* (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(Emphasis added). As the third criterion does not apply in this case, the plaintiff's venue determination rests upon establishing one of the first two criteria, and, because the defendant does not reside in Nebraska, plaintiff must establish that Nebraska is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[1]

Plaintiff relies on Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558 (8th Cir. 2003). In Pecoraro, the court faced a motion to dismiss for lack of personal jurisdiction. It first examined whether the defendants had sufficient "minimum contacts" with the District of Nebraska to satisfy due process requirements. Finding

---

[1] The parties have not addressed whether "a substantial part of the events or omissions giving rise to the claim" is the equivalent of "the most significant relationship" test of the Restatement, discussed *infra.*

2

the contacts sufficient, the court denied the defendant's motion to dismiss and continued to address the venue issue:

> Venue is proper in a diversity case in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). In making our determination, we do not ask which district among two or more potential forums is the "best" venue, rather, we ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts. Setco Enter. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994). While South Dakota's connection to the defendants is much stronger, we find, based on the above discussion of minimum contacts, that Nebraska also has a substantial connection to Pecoraro's claim.

Id. at 563.

One factor to consider is the location of witnesses. Plaintiff has named five likely witnesses, all of whom are affiliated with the plaintiff and four of whom reside in Nebraska. Defendant has not named witnesses *per se*, but has noted that several "potential" witnesses are from Missouri. While noting that their witnesses would be outside the subpoena power of the forum court chosen by the other party, neither side has set forth specifically how its case would be prejudiced or even harmed by that fact; that is, there is no indication that these witnesses would refuse to go to the other state to testify,[2] nor why using their depositions would be impossible or impracticable. In addition, although plaintiff argues that it would have to obtain other counsel, there is no reason to think present counsel could not be admitted in the Western District of Missouri *pro had vice.*

---

[2] A distance of approximately 200 miles, less than three and one half hours by car, separates the two courts.

3

The plaintiff's first two claims are seemingly uncomplicated failure-to-pay claims for breach of contract. Plaintiff's witnesses are likely to be the plaintiff's principals and those responsible for defendant's account, all of whom can be expected to reside in Nebraska. Plaintiff's third claim is for breach of an indemnity agreement and arises from a third party's lawsuit against defendant and plaintiff's affiliate in the United States District Court for the Western District of Missouri over issues arising from plaintiff's production of these contract goods. Plaintiff alleges that the defendant failed to pay for legal services in defending that case, thereby breaching the indemnity agreement. It appears that any witnesses to that claim would be the persons who executed the agreement (in both Lincoln and Kansas City), those who can testify about the legal fees, presumably the members of the law firm providing the defense (in Kansas City), and persons knowledgeable about the lawsuit itself and the reasons, if any, that the legal fees have not been paid (defendant's agents, in Kansas City).

The defendant's answer raises numerous defenses claiming the plaintiff's invoices are not correct, and that the plaintiff itself breached the contract by providing non-conforming goods, by not timely delivering conforming goods, by not using proper packaging and thus causing product to spoil, and by keeping defendant's packaging materials. It would appear that the witnesses to these defenses would be in both Lincoln (as to producing, packaging, invoicing, and shipping the product) and in or near Kansas City (as to reasons product was rejected, was late, or did not comply with defendant's requirements).

While obviously it would be "inconvenient" for any witness to drive three or four hours to testify, and more expensive for the

visiting party to present its case, neither side has established that the location of witnesses is critical in how it will be decided. If this factor tips either way, it would be in defendant's favor, as it has named two non-parties as potential witnesses. Inconveniencing non-party witnesses is more to be avoided than inconveniencing parties or counsel.

In this dispute there are two other, connected cases pending in Missouri. Defendant's answer alleges that plaintiff's indemnification claim is currently pending in yet another, said to be "identical" lawsuit, this one by the Polsinelli law firm against defendant in the Circuit Court of Jackson County, Missouri. This is in addition to the pending case in the Western District of Missouri, described above. Defendant argues that the law firm is an indispensable party to resolving plaintiff's third claim, but could not be made a party in this case because of insufficient minimum contacts with Nebraska, and only Kansas City provides a forum where all parties can be joined. While there is no evidence before the court on that issue, defendant's argument appears plausible.[3] This factor weighs heavily in favor of transfer, for it would be difficult to coordinate the three cases if they remain in three separate fora; consolidating the two federal cases, or at least having them proceed in the same court, will eliminate duplicative use of judicial resources and may offer better chances of a global resolution, either by trials or negotiated settlement.

---

[3] A check of the court's attorney index revealed only one case in which a member of that firm has appeared as counsel of record in this court (Robeson v Hartford Life Group Insurance Company, 8:04CV283, an ERISA case resolved by mediation in April, 2005; two attorneys from the firm's St. Louis office represented the defendant). That case had nothing to do with this dispute. If that is the only "contact" the firm has had with Nebraska, it is doubtful that it could be sued here.

5

Both sides argue that the case will be decided according to the law of the state of their proposed forum, citing the Restatement (Second) of Contracts §188 (1971).[4] Plaintiff additionally cites the choice-of-law provision in the parties' indemnification contract, which says disputes over it will be decided by applying Nebraska law. Filing 1, Attachment 5. Defendant additionally cites the parties' "Secrecy Agreement," which provides that disputes concerning it will be decided according to Missouri law. Filing 15, Exhibit B. Neither of these provisions, however, purports to represent the parties' choice of law for resolving disputes arising on the defendant's account. It is difficult at this stage of the case to determine which state's law will decide the plaintiff's claims, and although both parties argue that their chosen forum state has the most significant relationship to the issues in this case, I do not think this is the appropriate motion to finally decide that issue. This factor does not favor either side.

The relative congestion of the two courts is also a factor to be considered. This court has recently lost a judgeship with

---

[4] "(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties.

"In the absence of an effective choice of law by the parties...the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

    (a) the place of contracting;
    (b) the place of negotiation of the contract;
    (c) the place of performance;
    (d) the location of the subject matter of the contract; and
    (e) the domicile, residence, nationality, place of incorporation and place of business of all parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue." Mertz v Pharmacists Mutual Ins., 261 Neb. 704, 708 (2001).

corresponding increases in each remaining judge's docket. According to figures provided by the Administrative Office of the United States Courts, for the year ended September 30, 2004, some definite differences can be seen in the two courts' dockets by comparing various categories of statistics. For example:

| Category (all are per judgeship figures) | W. D. Mo. | Numerical Rank Nationally | D. Neb. | Numerical Rank Nationally |
|---|---|---|---|---|
| Total Filings | 521 | 29 | 640 | 12 |
| Weighted Filings | 550 | 23 | 666 | 5 |
| Criminal Felony Filings | 106 | 21 | 243 | 6 |
| Civil Case Filings | 386 | 38 | 354 | 48 |
| Pending Cases | 414 | 44 | 533 | 17 |
| District's Median Time to Trial in Civil Cases | 21.5 months | 35 | 24.0 months | 50 |

This factor weighs in favor of transfer, as it is likely that the docket of the Western District of Missouri will afford the parties a more prompt resolution if the cases must be tried.

It is true that Nebraska probably does have sufficient "minimum contacts" with the defendant to defeat a motion under Fed. R. Civ. P. 12(b)(2). Under the reasoning of the Eighth Circuit in Pecoraro, supra., that alone would be sufficient to defeat the motion to transfer venue. In the unique circumstances of this case, however, particularly the coexistence of two other related lawsuits pending in Missouri involving these parties and this dispute, I conclude that transfer would allow for a more prompt and considered resolution to the overall dispute, while minimizing the overall inconvenience to the parties, the witnesses, and counsel.

7

IT THEREFORE HEREBY IS ORDERED:

1. The defendant's motion for leave to file amended notice of removal, filing 23, is granted, and the amended notice of removal may be filed forthwith.

2. Defendant's motion to transfer venue, filing 14, is granted, and this case is transferred to the United States District Court for the Western District of Missouri. The clerk shall delay the actual sending of the file to Kansas City until after the expiration of ten days from the date of this order.

DATED August 23, 2005

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge