IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AFFINITY SNACK FOOD COMPANY, | ) ) ) | 4:05CV3086 |
| Plaintiff, | ) ) | **MEMORANDUM** |
| vs. | ) ) | **AND ORDER** |
| MATTHEW HEADLEY HOLDINGS, LLC, d/b/a HEARTLAND SNACKS, | ) ) ) | |
| Defendant. | ) ) | |

On August 23, 2005, Magistrate Judge Piester granted the defendant's motion to transfer this case to the United States District Court for the Western District of Missouri. The transfer order has been stayed pending an appeal by the plaintiff.

Upon careful review, conducted pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and NECivR 72.2, I find that Judge Piester's order is clearly erroneous and contrary to law. Consequently, the order will be vacated and the defendant's motion to transfer venue will be denied.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). However, courts have not limited a district court's evaluation of a transfer motion to these enumerated factors; instead, courts have recognized that such determinations "require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.

"[T]he accessibility to records and documents, . . . the location where the conduct complained of occurred, and . . . the applicability of each forum state's substantive law" are factors that affect the convenience of the parties. Id., 119 F.3d at 696. Witness convenience factors include "the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony." Id. Factors to be considered in the interests of justice include "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Id.

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Id. at 695. Judge Piester does not appear to have given appropriate weight to this factor.

The plaintiff, Affinity Snack Food Company ("Affinity"), is a Delaware corporation that is headquartered in Lincoln, Nebraska. It sells potato chips and other salty snack foods that are manufactured and packaged by an affiliated company at a plant in Lincoln. The defendant, Matthew Headley Holdings, LLC, d/b/a Heartland Snacks ("Heartland"), is a Missouri limited liability company that sells and distributes snack foods in and around Kansas City, Missouri. It has three members, all of whom reside in Missouri.

Affinity filed its action in the District Court of Lancaster County, Nebraska, and served Heartland on or about March 7, 2005. Heartland removed the action to this court on April 5, 2005, based on diversity jurisdiction. See 28 U.S.C. § 1441.

Affinity's complaint contains three causes of action: (1) a claim for unpaid invoice and storage charges for products allegedly sold on account to Heartland; (2)

a claim for breach of an oral production agreement that allegedly required Heartland to make minimum monthly purchases; and (3) a claim for breach of a written indemnification agreement that allegedly required Heartland to pay attorney's fees and expenses associated with the defense of a lawsuit that was filed by McCleary, Inc. ("McCleary"), against Heartland and Affinity's affiliate[1] on July 12, 2002, in the United States District Court for the Western District of Missouri.

Judge Piester first examined the convenience of witnesses, and concluded that "[i]f this factor tips either way, it would be in defendant's favor, as it has named two non-parties as potential witnesses." (Filing 26, p. 5.) Judge Piester explained that "[i]nconveniencing non-party witnesses is more to be avoided than inconveniencing parties or counsel." (Id.) While this statement might be true as a general proposition, and while it implicitly recognizes the practical difficulty that exists in most cases of obtaining live trial testimony from non-party witnesses who are outside the court's subpoena power, it ignores the relative importance of the witnesses' testimony. As the Eighth Circuit has cautioned, "sheer numbers of witnesses will not decide which way the convenience factor tips." Terra, 119 F.3d at 696.

In disclosing its potential witnesses, Heartland has not described the nature of the witnesses' expected testimony. It has simply stated:

> Heartland Snack's employees work and/or live in Kansas City, Missouri, which is more than one hundred miles from Lincoln, Nebraska. Other individuals who are potential witnesses in this litigation who live and/or work in Missouri are employees of Murray Distributing, Nixa, Missouri, Kim Scharg, LaMonte, Missouri, and

---

[1] In addition to Affinity, it appears that Heartland agreed to indemnify two Nebraska limited liability companies: Affinity Management Company and Weavers Snack Food and Potato Chip Company ("Weavers"). (Filing 15-2, p. 8.) It also appears that McCleary filed a third-party complaint against Weavers in the federal district court action in Missouri. (Id., p. 4.)

members and employees of Polsinelli Shalton & Welte, PC, Kansas City, Missouri.

(Filing 16-2, ¶ 13.) The two non-party witnesses mentioned by Judge Piester presumably are the Murray Distributing employee(s) and Kim Scharg. Polsinelli Shalton & Welte, PC, is the law firm that allegedly is owed fees and expenses by Heartland; there is no apparent reason why Heartland would call any employees of that firm as witnesses. Murray Distributing and Kim Scharg could be customers of Heartland that allegedly "lodged complaints with Heartland about Affinity's poor quality and improperly sealed packaging." (Id., ¶ 7.) If so, however, it is not obvious that their testimony is crucial to Heartland's defense or that it could not be presented effectively by deposition. Although not mentioned by Judge Piester, Affinity has also identified a non-party witness, Mike Eisenhower, a former employee residing in Nebraska, who allegedly has information concerning the negotiations between the parties and the prices, terms, and conditions that were agreed to. (Filing 19-2, ¶ 15.) In summary, witness convenience has not been shown to favor transferring the case to Missouri.

Judge Piester next found that "there are two other, connected cases pending in Missouri," including the lawsuit filed by McCleary in the United States District Court for the Western District of Missouri, and "one by the Polsinelli law firm against defendant in the Circuit Court of Jackson County, Missouri." (Filing 26, p. 5.) According to Judge Piester, "[t]his factor weighs heavily in favor of transfer, for it would be difficult to coordinate the three cases if they remain in three separate fora; consolidating the two federal cases, or at least having them proceed in the same court, will eliminate duplicative use of judicial resources and may offer better chances of a global resolution, either by trials or negotiated settlement." (Id.)

There is no evidence that the federal lawsuit instituted by McCleary is still pending in the Western District of Missouri. Indeed, it appears from the pleadings in the state court action brought against Heartland by the Polsinelli law firm that,

4

insofar as Affinity was concerned, the federal lawsuit was settled on April 9, 2003, when McCleary's third-party complaint was dismissed with prejudice. (Filing 15-2, p. 5.) Heartland also stated in its brief in support of the transfer motion that "McCleary, Inc., sued Affinity in federal court in Kansas City[,] . . . [a]lthough the matter was later dismissed . . .." (Filing 15-1, p. 4.) Affinity further represents that electronic case filing information available on the internet shows that the underlying action between McCleary and Heartland was tried to a jury in August 2004, and that the court entered a judgment, which currently is on appeal to the Eighth Circuit. (Filing 29, p. 6.) Heartland does not dispute this representation.

Judge Piester erred in giving weight to the pendency of related litigation in the Western District of Missouri. To the extent that Judge Piester also considered it significant that the Polsinelli law firm has sued Heartland in state court in Missouri, I cannot agree that this is a legitimate factor for consideration. The law firm's action for recovery of fees and expenses could have a direct impact Affinity's third cause of action, but it hardly matters in which federal court Heartland must defend against Affinity's indemnification claim. Diversity of citizenship does not exist between Heartland and the Polsinelli law firm, so there is no possibility of that action being removed to federal court. Heartland might benefit from a transfer by having the same counsel represent it in both actions in Missouri, but then Affinity presumably would need to retain new counsel. "Merely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue." Terra, 119 F.3d at 696-97 (quoting Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir.1992)).

Judge Piester next considered the parties' choice-of-law arguments and, after finding that "[i]t is difficult at this stage of the case to determine which state's law will decide the plaintiff's claims," concluded that "[t]his factor does not favor either side." (Filing 26, p. 6.) I agree that the evidence is conflicting and insufficient for making a reasoned determination of whether Nebraska or Missouri law applies to Affinity's first two causes of action. Insofar as the third cause of action is concerned,

however, the indemnification agreement expressly states that it "shall be governed by and construed in accordance with the laws of the State of Nebraska, without giving effect to principles of conflicts of laws."[2] (Filing 15-2, p. 11.) To the extent that the applicable law can be determined, therefore, this factor argues against a transfer.

Finally, Judge Piester considered the "relative congestion of the two courts" and found that the median time to trial in civil cases is 21.5 months in the Western District of Missouri, compared to 24.0 months in the District of Nebraska. (Filing 26, p. 8.) Judge Piester concluded that "[t]his factor weighs in favor of transfer, as it is likely that the docket of the Western District of Missouri will afford the parties a more prompt resolution if the cases must be tried." (Id.)

A difference of 2½ months is fairly insignificant. In any event, Affinity, as the plaintiff, naturally has more of an interest in getting the case to trial quickly than does Heartland. If Affinity is content to have the case tried here, then its wishes should be respected.

Heartland does not suggest the Judge Piester failed to consider any other factors that would support a change of venue, and I have not found any on my own. My final tally shows that no factors favor Heartland's motion, and that Affinity even has a slight advantage insofar as Nebraska law will apply to at least one of its claims. Thus, it is apparent that Heartland has failed to carry its burden of proof.

In conclusion, Judge Piester's decision to issue the transfer order fails to give due deference to the plaintiff's choice of forum. Therefore,

---

[2] Judge Piester also referenced a "secrecy agreement" that contains a Missouri choice-of-law provision. That document, however, has not been authenticated by Heartland and does not appear to have been executed. (Filing 15-3.) Its relevance is also questionable.

IT IS ORDERED that:

1. The plaintiff's statement of appeal (filing 28) is sustained.

2. The Magistrate Judge's order entered on August 23, 2005 (filing 26), is set aside and vacated insofar as it provides that the defendant's motion to transfer venue is granted. The order otherwise remains in effect.

3. The defendant's motion to transfer venue (filing 14) is denied.

October 3, 2005.                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge